IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BECKY LOPEZ,

        Plaintiff,                    No. 2:10-cv-01822 GEB KJN PS

    v.

M.V. TRANSPORTATION INCORPORATED,

        Defendant.               ORDER TO SHOW CAUSE

_____/

        In an order dated July 16, 2010, the undersigned granted plaintiff's application to proceed in forma pauperis and ordered the service of plaintiff's complaint on defendant. (Dkt. No. 4.) That order directed the Clerk of Court to send certain materials to plaintiff in relation to service of her complaint, and the Clerk of Court did so on July 20, 2010. (Dkt. Nos. 4, 6, 7.) The court's order also provided that: "Plaintiff shall supply the United States Marshal, within 30 days from the date this order is filed, all information needed by the Marshal to effectuate service of process, and *shall, within 10 days thereafter, file a statement with the court that such documents have been submitted to the United States Marshal*." (Dkt. No. 4 at 3.) It further provided that "[p]laintiff's failure to comply with this order may result in a recommendation that this action be dismissed." (Id.)

1

1 As of the date of this order, plaintiff has not filed the required statement notifying the court that she timely submitted the required service documents to the United States Marshal. Plaintiff's failures to comply with the court's order and prosecute her lawsuit are grounds for dismissal.  See Fed. R. Civ. P. 41(b); Local Rules 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."), 183(a) (providing that a party proceeding without counsel is "is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law," and that failure to comply with these authorities "may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules"); see Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (stating that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions, including dismissal, for failure to comply with the court's orders).

Accordingly, IT IS HEREBY ORDERED that:

1. On or before October 15, 2010, plaintiff shall file a written statement with the court showing good cause why her lawsuit should not be dismissed for failure to prosecute and failure to comply with the court's order.

////

////

2. Plaintiff's failure to file the required writing shall constitute additional grounds for dismissal of this action.

IT IS SO ORDERED.

DATED: September 29, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE