IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BECKY LOPEZ,

      Plaintiff,                       No. 2:10-cv-01822 GEB KJN PS

    v.

M.V. TRANSPORTATION INCORPORATED,

      Defendant.                ORDER

_____/

        On May 9, 2011, plaintiff filed a First Amended Complaint and a letter explaining the filing. (First Am. Compl., Dkt. No. 32; Letter, May 9, 2011, Dkt. No. 33.) Plaintiff's First Amended Complaint incorrectly suggests that the court granted plaintiff leave to file an amended complaint. (See First Am. Compl. at 1.) Plaintiff's assertion is a misrepresentation of the statements of the court at a prior hearing; *plaintiff has not been granted leave to amend*. Additionally, in two previously entered orders, the court denied plaintiff's requests for extensions of time to file an amended complaint. (Order, Mar. 30, 2011, Dkt. No. 28; Order, May 4, 2011, Dkt. No. 31.) In those orders, the court explained to plaintiff that in order to seek leave of court to file an amended complaint, plaintiff must either obtain the consent of defendant, or file a motion seeking such leave pursuant to Federal Rule of Civil Procedure 15(a)(2), and any such

motion must be properly noticed under the court's Local Rules, including Local Rules 137(c) and 230.  Plaintiff's latest filings meet none of these requirements.  In light of plaintiff's failure to properly seek leave to amend, her First Amended Complaint is stricken *sua sponte* pursuant to Federal Rule of Civil Procedure 12(f)(1).

          Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint (Dkt. No. 32) is stricken.

2. Any further attempts by plaintiff to amend her complaint without first properly seeking leave of court to do so, or seeking defendant's consent to such amendment, will be summarily denied.  Any further amended complaint filed by plaintiff without leave of court or defendant's consent will be summarily stricken pursuant to Federal Rule of Civil Procedure 12(f)(1).

3. In light of plaintiff's recent change of address, and out of an abundance of caution, the Clerk of Court is directed to send the following orders to plaintiff along with this order: (1) the court's order entered March 30, 2011 (Dkt. No. 28); and (2) the court's order entered May 4, 2011 (Dkt. No. 31).

4. Although the undersigned does not presently believe that plaintiff is proceeding in bad faith in this action, plaintiff is reminded that she must conform her conduct to the Federal Rules of Civil Procedure, the court's Local Rules, and the court's orders.  Plaintiff has already been so advised on multiple occasions.  She is again advised that Eastern District Local Rule 110 provides: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing <u>in propria persona</u>.  Failure to comply therewith may be ground for dismissal . . . or any other sanction

appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."), cert. denied, 516 U.S. 838 (1995); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

    IT IS SO ORDERED.

DATED: May 10, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE