IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BECKY LOPEZ,

      Plaintiff,                     No. 2:10-cv-01822 GEB KJN PS

      v.

M.V. TRANSPORTATION INCORPORATED,

      Defendant.               ORDER

/

        On October 11, 2011, plaintiff filed a document entitled "Deposition Answer/Motion for Settlement Conference," which unilaterally seeks a settlement conference before a magistrate judge of this court and also seeks to have her deposition taken in the undersigned's chambers while supervised by court staff (Dkt. No. 36).[1] Plaintiff also filed a Case Status Report despite the fact that no status conference is presently set in this case (Dkt. No. 35). Defendant filed an opposition in response to plaintiff's recent filings (Dkt. No. 37).

        In regards to plaintiff's "motion," she failed to comply with this court's Local Rules regarding the proper noticing of motions. To the extent that her motion is a discovery-

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

related motion, she must notice that motion in conformity with Local Rule 251.  Otherwise, she must notice her motion in accordance with Local Rule 230.  Because plaintiff has not followed the court's Local Rules regarding the provision of notice, her motion is denied without prejudice.  She may re-file her motion after reviewing the court's Local Rules.

Plaintiff consistently violates the Federal Rules of Civil Procedure and the court's Local Rules.  She has been repeatedly advised by the court that she must review and conform her conduct to these procedural rules and the court's orders, and that there are consequences for failing to do so.  (See, e.g., Order to Show Cause, Sept. 29, 2010, at 2-3, Dkt. No. 9; Order, May 4, 2011, at 2-3, Dkt. No. 31; Order, May 11, 2011, at 2-3, Dkt. No. 34.)  Although the court has been extremely lenient with respect to plaintiff's numerous violations, *plaintiff is quickly approaching the limit for such leniency*.  Plaintiff is again advised that Eastern District Local Rule 110 provides: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to

1 follow a district court's local rules is a proper ground for dismissal."), cert. denied, 516 U.S. 838
2 (1995); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of
3 Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any
4 order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of
5 L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent
6 power to control their dockets and may impose sanctions including dismissal), cert. denied, 479
7 U.S. 829 (1986).

8   That said, it now appears that both parties wish to participate in a settlement
9 conference. Plaintiff seeks a settlement conference through her motion, and defendant's written
10 opposition states that "Defendant agrees to the setting of a settlement conference." (Pl.'s Mot.
11 at 2; Def.'s Opp'n at 2.) It appears that defendant has been attempting to arrange a settlement
12 conference with plaintiff since at least June 2011, but plaintiff has not executed a stipulation
13 seeking a settlement conference. (Def.'s Opp'n, Ex. A.) ***Plaintiff is advised that if she wants to***
14 ***participate in a settlement conference, she must jointly request such a settlement conference***
15 ***with defendant.*** Defendant has already prepared a stipulation in that regard, and plaintiff should
16 consider working with defendant's counsel to prepare an updated stipulation seeking a settlement
17 conference.

18   For the reasons stated above, IT IS HEREBY ORDERED that:

19   1.   Plaintiff's "Deposition Answer/Motion for Settlement Conference" (Dkt.
20 No. 36) is denied without prejudice.

21   2.   If the parties wish to participate in an early settlement conference, they
22 must file a stipulation seeking such a settlement conference. If the parties wish to conduct such a
23 conference before the undersigned magistrate judge, their stipulation shall also include waivers
24 of the undersigned's disqualification by virtue of acting as the settlement judge. Otherwise, the
25 ////
26 ////

settlement conference will be conducted by another judge of this court.

IT IS SO ORDERED.

DATED: October 18, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE